## BLISS v. CORYELL.

(Supreme Court, Appellate Term. February 3, 1899.)

APPEAL—REMITTING RECORD.

    Where precept was issued January 3d, and on appeal it appears the petition was changed by substituting the name of respondent for that of some person who had been named in the petition as her agent, and signed and sworn to by respondent some two days after the petition had been filed, and the date was changed from the 3d to the 5th of January, as also the date of the verification, although the file mark showed the petition signed on the 3d, the record will be remitted for further return showing when the petition was filed, and its condition at the time of the filing.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Harriet W. Bliss against George H. Coryell in summary proceedings. From final order, defendant appeals. Record remitted for further return.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Willis B. Dowd, for appellant.
William O. Campbell, for respondent.

PER CURIAM. The appellant has raised a question upon this appeal with respect to the validity of the petition, claiming that after it had been filed it was altered by substituting the name of the respondent as the petitioner for that of some person who had been named in the petition as such under the designation of the agent of the respondent, and causing it to be signed and sworn to by her, as the verification tends to show, some two days after the paper had been filed. An examination of the petition discloses the fact that an erasure of the name of the agent was made wherever it had originally appeared, and that of the respondent was written over it. The date was also changed from the 3d to the 5th day of January, as was also the date of the jurat at the foot of the affidavit of verification. The precept itself that was issued upon the petition bears date of the 3d. The deputation for its service, signed by the justice, also bears date on the 3d day of January; and the file mark as it stands seems to show that the petition was filed on that day. If the alterations above referred to were made after the filing of the petition and the issuing of the precept, it is obvious that the court had no jurisdiction to proceed in the cause, or to make the order appealed from. The importance, therefore, of settling the question thus raised is manifest. We have, consequently, been somewhat concerned as to what disposition should be made of the appeal, and, after mature consideration, have come to the conclusion to remit the record to the court below for a further return, which shall disclose when the petition was filed, and what its condition was at the time of such filing. Upon the return as so amended coming in, the appeal must be brought on anew for argument.

Ordered accordingly.